IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTOPHER B. BLANKENSHIP, and,
APRIL M. BLANKENSHIP,

          Plaintiffs,

v.                                     CIVIL ACTION NO.   2:14-cv-26268

BROOKS RUN MINING COMPANY, LLC, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant Brooks Run Mining Company, LLC's ("BRMC") Objections (ECF No. 115) to Magistrate Judge Tinsley's June 19, 2015 Order (ECF No. 107) granting Plaintiffs' Motions to Compel (ECF Nos. 47, 49, 57). The portion of the Order to which BRMC objects directs Defendants BRMC and Alpha Natural Resources Services, LLC ("Alpha") to produce evidence of safety audits conducted at the Still Run No. 3 Coal Mine in Wyoming County, West Virginia. For the following reasons, BRMC's Objections are **OVERRULED** and Magistrate Judge Tinsley's Order is **AFFIRMED**.

                            I.        BACKGROUND

This action stems from an injury Plaintiff Christopher Blankenship suffered on October 20, 2012, while working in the Still Run No. 3 Mine. (ECF No. 1-1 ¶ 15.) Plaintiffs assert that Mr. Blankenship's injury was the result of a rib roll in the mine that caused a rock to strike him. (*Id.* ¶ 16.) Among other things, Plaintiffs claim that Defendants were aware of support problems in

the mine, including dangerous rib conditions, but failed to adequately remedy these issues.  (*Id.* ¶ 38, 42(b).)   Plaintiffs filed Motions to Compel on a number of discovery issues on April 3, 2015, but the parties were able to resolve all issues except those relating to the safety audits at the Still Run No. 3 mine.  Defendants' Response argues that they should not have to produce documentation from these safety audits, as they were performed pursuant to a Non-Prosecution Agreement (NPA) that Alpha Natural Resources, Inc., the parent company of the other five defendants in this action, entered into with the United States Attorney's Office for the Southern District of West Virginia and the Department of Justice.  (ECF No. 59 at 6-8.)   Magistrate Judge Tinsley entered his Order on June 19, 2015, granting Plaintiffs' Motions with respect to the issue of the safety audits.  Defendant BRMC filed timely objections on July 2, 2015, arguing that the safety audits were inadmissible and non-discoverable under both the terms of the NPA and Federal Rule of Evidence 408.  On October 27, 2015, this Court entered an Order (ECF No. 138) staying the action pending the bankruptcy proceedings of the defendants.  On November 4, 2016, the Court entered an Order (ECF No. 145) lifting the stay, making Defendant BRMC's Objections ripe for review.

## II.    LEGAL STANDARD

*A.  Review of Magistrate Judge's Non-dispositive Orders*

Under this Court's Standing Order pursuant to 28 U.S.C. § 636, all discovery matters are referred to magistrate judges.  (ECF No. 2.)  Under Federal Rule of Civil Procedure 72(a), a party objecting to a non-dispositive order of a magistrate judge must file objections within 14 days after being served with a copy of the order.  Fed. R. Civ. P. 72(a).  The reviewing district court must then review the order and "modify or set aside any part of the order that is clearly erroneous or is

2

contrary to law." Fed. R. Civ. P. 72(a). The Fourth Circuit has explained that under this standard, "findings of fact will be affirmed unless our review of the entire record leaves us with the definite and firm conviction that a mistake has been committed." *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985). When review of a magistrate judge's order turns on a pure issue of law, the district court's review is "plenary" and ultimately Rule 72(a)'s "contrary to law" standard is effectively the same as *de novo* review. *Felman Prod., Inc. v. Indus. Risk Insurers*, No. CIV.A. 3:09-0481, 2010 WL 2944777, at *3 (S.D. W. Va. July 23, 2010) (quoting *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010)).

B. *Discoverability of Evidence*

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that unless limited by court order:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26. Courts are to interpret the rules of rules of discovery liberally. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Hickman v. Taylor*, 329 U.S. 495, 501, 507 (1947). In controlling the scope of discovery, "[d]istrict courts enjoy nearly unfettered discretion." *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 426 (4th Cir. 1996).

III.     ANALYSIS

*A. The Non-Prosecution Agreement*

Defendant BRMC argues that the terms of the NPA prevent it from having to disclose any documentation related to the safety audits performed pursuant to the agreement. Specifically, BRMC relies on paragraph 15 of the NPA, which provides:

> Nothing in this agreement and no action taken by Alpha, any of its affiliates, or any individual pursuant to this Agreement will be deemed to constitute an admission by Alpha, any of its affiliates, or any individual of civil liability under any local, state or federal statute or any principle of common law.

(ECF No. 115-1 ¶ 15.)   Magistrate Judge Tinsley's Order noted that Plaintiffs are not seeking to use the safety audits as admissions of liability; rather, Plaintiffs believe they may show that Defendants had knowledge of the potentially dangerous rib conditions at the Still Run No. 3 mine. More importantly, Plaintiffs are currently only seeking to have the safety audits disclosed in discovery, not to have them admitted into evidence.

BRMC's Objections argue that Magistrate Judge Tinsley's Order improperly distinguished this action from several other cases BRMC believes provide persuasive authority for their position that they should not have to produce documentation related to the safety audits.   The first case is *Borst v. Lower Manhattan Development Corp.*, 2011 WL 4193282 (N.Y. Sup. Ct. Sept. 6, 2011). The court in that case found that a non-prosecution agreement, as well as factual statements made in the agreement, were inadmissible to prove liability.  Magistrate Judge Tinsley noted that the instant case is factually distinguishable from *Borst*, in that the factual statements determined to be inadmissible in that case related to past conduct, while BRMC seeks to have the NPA in this case bar the admission and discovery of safety audits performed after the agreement.   (ECF No. 107 at 7.)   More importantly, Magistrate Judge Tinsley correctly noted that the Plaintiffs are not seeking

to use the safety audits as admissions of liability in this case. (*Id.* at 7.) Accordingly, *Borst* is not a persuasive authority for the proposition that the safety audits are not discoverable.

The second case BRMC cites is *100Reporters LLC v. United States Dep't of Justice*, 307 F.R.D. 269 (D.D.C. 2014). In that case, the district court allowed parties, who had submitted documents to the Department of Justice pursuant to a plea agreement, to intervene in a FOIA action in which a news organization was seeking to obtain these documents. *See 100Reporters LLC*, 307 F.R.D. at 272. BRMC relies on that court's statement "this Court routinely has recognized that the submitter of documents to a government agency has a cognizable interest in maintaining the confidentiality of those documents" for the proposition that it should not be compelled to disclose information from the safety audits. *Id.* at 277; (ECF No. 115 at 6.) Magistrate Judge Tinsley correctly noted that the instant case is factually distinguishable from *100Reporters LLC* in that the intervenors in that case sought to prevent public disclosure of the relevant information, whereas in this case Magistrate Judge Tinsley has already ordered the parties to file a protective order to prevent public disclosure of the safety audit information. (ECF No. 107 at 6 n.2) Additionally, the Court in *100Reporters LLC* decided only that the parties who had submitted the relevant documents had a sufficient interest to merit intervention in the suit, not that their interest was sufficient to prevent disclosure in discovery. Accordingly, Magistrate Judge Tinsley properly distinguished that case from the instant action.

The language of the NPA, while potentially relevant to the admissibility of the safety audits, does not prevent their disclosure in discovery.

5

*B. Federal Rule of Evidence 408*

Defendant BRMC also asserts that, because the safety audits were undertaken as a component of a settlement between Alpha Natural Resources, Inc. and the government, Federal Rule of Evidence 408 "bars reliance upon the safety audits as evidence of liability" and thus Magistrate Judge Tinsley's Order compelling their production in discovery is "contrary to law." (ECF No. 115 at 7.) Federal Rule of Evidence 408 prohibits the use of settlement offers or "conduct or a statement made during compromise negotiations about the claim" to "prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). BRMC correctly notes that Courts, including the Fourth Circuit, have applied Rule 408 to consent decrees between parties and government agencies. *See Johnson v. Hugo's Skateway*, 974 F.2d 1408, 1413 (4th Cir. 1992).

BRMC fails to note, however, that Rule 408 also provides that settlement offers and negotiations can be admissible "for another purpose." Fed. R. Evid. 408(b). Courts have held that demonstrating a party's knowledge, as Plaintiffs seek to do here, can be such a permissible purpose. *See Perri v. Daggy*, 776 F. Supp. 1345, 1349 (N.D. Ind. 1991) ("Rule 408 does not prohibit the use of a settlement to show a defendant's knowledge."); *Wiener v. Farm Credit Bank of St. Louis*, 759 F. Supp. 510, 521 (E.D. Ark. 1991) (noting that Rule 408 was not violated where evidence of settlement discussions was used to show a party had notice of certain information). More importantly, while Rule 408 may apply to the safety audits for the purposes of their admissibility, it is irrelevant at this point, as evidence need not be admissible to be discoverable. Accordingly, even if Rule 408 would operate to bar admission of the safety audits into evidence, it does not prohibit their disclosure in discovery.

IV. CONCLUSION

Neither the text of the NPA nor Rule 408 provides a bar to discovery of the documentation from the safety audits at the Still Run No. 3 mine. Accordingly, Defendant BRMC's Objections do not demonstrate any basis on which Magistrate Judge Tinsley's June 19, 2015 Order is clearly erroneous or contrary to law. The Objections (ECF No. 115) are **OVERRULED** and Magistrate Judge Tinsley's Order (ECF No. 107) is **AFFIRMED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 5, 2017

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE